IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**UNITED STATES OF AMERICA upon**      **PLAINTIFF**
**the relation and for the use of the**
**TENNESSEE VALLEY AUTHORITY**

**V.**      **NO. 1:20-CV-77-DMB-DAS**

**AN EASEMENT AND RIGHT-OF-WAY**
**OVER 0.53 ACRE OF LAND, MORE OR**
**LESS, IN OKTIBBEHA COUNTY,**
**MISSISSIPPI, et al.**      **DEFENDANTS**

## ORDER

On April 22, 2020, the United States of America, upon the relation and for the use of the Tennessee Valley Authority ("TVA"), filed a complaint in the United States District Court for the Northern District of Mississippi "for the taking of property under the power of eminent domain and for the ascertainment and award of just compensation to the owners and parties in interest." Doc. #1 at 2. Specifically, TVA asserts ownership of "a permanent easement and right-of-way" on a strip of land "located in the Southwest 1/4 of Section 9, Township 18 North, Range 15 East, Oktibbeha County, State of Mississippi" ("Property"). *Id.* at 3, 5. The complaint names numerous defendants with interests in the Property, including Ambus Evans.[1] *Id.* at 2–3.

Also, on April 22, 2020, TVA filed a "Declaration of Taking," signed by Michael Bernier from its General Counsel's Office, Doc. #2-1; and a "Notice of Condemnation" identifying the Property and the defendants, Doc. #3.

---

[1] In addition to Evans, the complaint lists as defendants James Hicks Evans, Jesse Lee Evans, Lodina Evans Peterson, Rose Mary Rice, Lena Rice Lucious, Laura Rice Greenfield, Donna M. Rice, Eva Rice Jefferson, Ozella Rice, Leo Rice, Jr., Althea Young, Dana Evans, Lacriscia Bankhead, Demetra Petty, Nasdella Hunter, Barbara Agnew, Vivian Bell, Vicki Wright, Buffy Scott, Tarsha Tucker, Norma Jean Van, Winorva Nichols, Juan Petty, Walter Bell, Unknown Heirs of Dorothy M. Evans Riley, and Unknown Heirs of Willie C. Evans. Doc. #1.

On April 27, 2020, TVA deposited $2,425 in the Court's registry "as its estimate of just and liberal compensation for the easement and right-of-way." Doc. #5 at 2. The same day, TVA filed "Plaintiff's Motion for Entry of an Order of Immediate Possession," which sought "entry of an order putting [TVA] into possession of the easement and right-of-way herein condemned." Doc. #4 at 2. On May 5, 2020, the Court granted the motion for immediate possession. Doc. #9.

On July 30, 2020, TVA filed a "Suggestion of Death of Defendant Ambus Evans," "provid[ing] notice of the reported death of Defendant Ambus Evans." Doc. #16. TVA attached an obituary stating that Evans died on March 28, 2020. Doc. #16-1. The same day, TVA filed a "Notice of Completion of Service of Pleadings upon All Defendants as of July 30, 2020." Doc. #17. The notice represents that the complaint, the Declaration of Taking, the Notice of Condemnation, the motion for immediate possession and memorandum in support, and the notices of appearance were all served on "all Defendants as of July 30, 2020." *Id*.

On February 26, 2021, TVA filed a motion for summary judgment on the issue of compensation. Doc. #19. No response to the motion was filed.

As this Court has previously explained, under Mississippi[2] law:

> when a party dies, at least three legal mechanisms come into play. First, the deceased party loses his capacity to sue or be sued. Second, a power of attorney, depending as it does on the consent of the grantor under the instrument, is cancelled immediately on the death of the grantor so that the attorney in fact has no further authority to act on behalf of the grantor. Third, assuming some claims are not extinguished, the Court may order substitution of a "proper" party pursuant to Rule 25 of the Federal Rules of Civil Procedure. …
>
> [U]nless the estate of a deceased party has been distributed at the time of the making of the motion for substitution, the proper party for substitution would be either the executor or administrator of the estate of the deceased. If the estate has been closed, the proper party, or parties, would be the distributee or distributees of the estate.

---

[2] An individual's capacity to be sued in federal court is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1). The record does not reflect Evans' domicile. The Court presumes Evans' domicile was Mississippi given that the obituary reports the "Death notice" for a town in Mississippi and that the only address on record for him is in care of his sister in Mississippi.

*Rowland v. GGNSC Ripley, LLC*, No. 3:13-CV-11, 2015 WL 5197565, *2 (N.D. Miss. Sept. 4, 2015) (cleaned up). Proceedings against a deceased party are a "legal nullity." *Fortenberry v. Prine*, No. 2:14-CV-56, 2014 WL 2993668, at *5 (S.D. Miss. July 2, 2014) (collecting cases).

Here, Evans was deceased at the time TVA initiated this action and, accordingly, is not a proper party. And because of Evans' death, the Court questions whether the proper parties have received sufficient notice of this litigation as required before the Court can decide the compensation issue presented in the motion for summary judgment. *See* Fed. R. Civ. P. 71.1(c)(3) ("[B]efore any hearing on compensation, the plaintiff must add as defendants all those persons who have or claim an interest and whose names have become known or can be found by a reasonably diligent search of the records."). Because Evans was improperly named as a defendant after his death and because the docket does not reflect whether his heirs have received proper notice of this action,[3] the motion for summary judgment [19] is **DENIED without prejudice**.[4]

**SO ORDERED**, this 15th day of June, 2021.

/s/Debra M. Brown  
**UNITED STATES DISTRICT JUDGE**

---

[3] TVA may want to consider whether filing an amended complaint to name Evans' heirs or estate in accordance with Rule 71.1(f) is warranted and/or whether Evans should be dismissed as an unnecessary party. *See United States v. 0.77 Acres of Land*, No. 7:08-CV-208, 2019 WL 398134, at *1 (S.D. Tex. Jan. 31, 2019) (in condemnation action, granting motion to dismiss deceased party as "unnecessarily joined" because her heirs were already named as interested parties).

[4] Should TVA renew its motion for summary judgment, it may want to address what efforts were made to ascertain the "unknown heirs" named in the complaint and how their presence in this action affects the Court's authority to determine compensation.