IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**UNITED STATES OF AMERICA** upon
the relation and for the use of the
**TENNESSEE VALLEY AUTHORITY**                                        **PLAINTIFF**

V.                                                                                              NO. 1:20-CV-77-DMB-DAS

**AN EASEMENT AND RIGHT-OF-WAY
OVER 0.53 ACRE OF LAND, MORE OR
LESS, IN OKTIBBEHA COUNTY,
MISSISSIPPI, et al.**                                                               **DEFENDANTS**

### OPINION AND ORDER

In this condemnation action, the Tennessee Valley Authority seeks summary judgment awarding $2,425 in just compensation for the condemned property rights and apportioning disbursement of that award. Because the interested parties were notified of this action but failed to appear or present any evidence to create an issue of fact as to the amount of the award or how it should be disbursed, summary judgment will be granted.

### I
### Procedural History

On April 22, 2020, the United States of America, upon the relation and for the use of the Tennessee Valley Authority ("TVA") filed a complaint in the United States District Court for the Northern District of Mississippi "for the taking of property under the power of eminent domain and for the ascertainment and award of just compensation to the owners and parties in interest." Doc. #1 at PageID 2. Specifically, TVA asserts ownership of "a permanent easement and right-of-way," on a strip of land "located in the Southwest 1/4 of Section 9, Township 18 North, Range 15 East, Oktibbeha County, State of Mississippi" ("Property"). *Id.* at PageID 5. The complaint

names as defendants numerous individuals with interests in the Property.[1]  *Id.* at PageID 2–3.

On the date the complaint was filed, TVA also filed a "Declaration of Taking" signed by Michael Bernier from its General Counsel's Office, Doc. #2-1; and a "Notice of Condemnation" identifying the Property and the defendants, Doc. #3.  On April 27, 2020, TVA deposited $2,425.00 in the Court's registry.  The same day, TVA filed "Plaintiff's Motion for Entry of an Order of Immediate Possession," which sought "entry of an order putting [TVA] into possession of the easement and right-of-way herein condemned."  Doc. #4 at 2.  On May 5, 2020, the Court granted the motion for immediate possession.  Doc. #9.

On July 30, 2020, TVA filed a "Suggestion of Death of Defendant Ambus Evans," "provid[ing] notice of the reported death of Defendant Ambus Evans," as evidenced by an obituary stating that Evans died on March 28, 2020.  Docs. #16, #16-1.  The same day, TVA filed a "Notice of Completion of Service of Pleadings upon All Defendants as of July 30, 2020," representing that the complaint, the Declaration of Taking, the Notice of Condemnation, the motion for immediate possession and memorandum in support, and the notices of appearance were all served on the defendants.  Doc. #17.

TVA filed a motion for summary judgment on the issue of compensation on February 26, 2021.  Doc. #19.  However, because Ambus "was deceased at the time TVA initiated this action" and was not a proper party, the Court "question[ed] whether the proper parties ha[d] received sufficient notice … as required before the Court c[ould] decide the compensation issue."  Doc. #21 at 3.  Accordingly, the Court denied the motion for summary judgment without prejudice.  *Id.*

---

[1] The complaint lists as defendants James Hicks Evans, Jesse Lee Evans, Lodina Evans Peterson, Rose Mary Rice, Lena Rice Lucious, Laura Rice Greenfield, Donna M. Rice, Eva Rice Jefferson, Ozella Rice, Leo Rice, Jr., Althea Young, Dana Evans, Ambus Evans, Lacriscia Bankhead, Demetra Petty, Nasdella Hunter, Barbara Agnew, Vivian Bell, Vicki Wright, Buffy Scott, Tarsha Tucker, Norma Jean Van, Winorva Nichols, Juan Petty, Walter Bell, Unknown Heirs of Dorothy M. Evans Riley, and Unknown Heirs of Willie C. Evans.  Doc. #1.

On October 19, 2022, TVA filed an "Amended Complaint"[2] to "amend … the Complaint to drop Ambus Evans as a Defendant to this action and to add Darren Lamont Smith [Ambus' sole surviving heir] as a Defendant." Doc. #24. Approximately six weeks later, TVA filed a certificate of service by publication on Smith. Doc. #27.

On January 18, 2023,[3] TVA filed a motion for "summary judgment awarding compensation of $2,425 for the condemned property rights to be disbursed to Defendants based on their apportioned ownership interests in the subject property on the date of the taking." Doc. #32. No response to the motion was filed.

## II
## Summary Judgment in Condemnation Proceedings

Federal Rule of Civil Procedure 71.1, which governs condemnation proceedings in federal court, provides:

> In an action involving eminent domain under federal law, the court tries all issues, including compensation, except when compensation must be determined:
>
> (A) by any tribunal specially constituted by a federal statute to determine compensation; or
>
> (B) if there is no such tribunal, by a jury when a party demands one within the time to answer or within any additional time the court sets, unless the court appoints a commission.

Fed. R. Civ. P. 71.1(h)(1). "While Rule 71.1 does not expressly authorize a motion for summary judgment, the Fifth Circuit has affirmed the use of summary judgment to fix just compensation in a condemnation proceeding. This practice is consistent with the practice of other courts." *United*

---

[2] The amended complaint does not repeat the details contained within the original complaint but rather just amends one paragraph of the original complaint. *See* Doc. #24.

[3] TVA initially filed its motion on January 17, Doc. #30, but refiled it the next day at the Clerk of Court's direction because it had attached supporting exhibits to its memorandum brief rather than to the motion in violation of the Local Rules.

*States for Use of Tenn. Valley Auth. v. Tree Removal Rights with Respect to Land in Marshall Cnty.*, No. 3:17-cv-128, 2018 WL 6072008, at *1 (N.D. Miss. Nov. 19, 2018) (collecting cases). Because Rule 71.1 "has no provisions governing summary judgment, when summary judgment is sought in a condemnation proceeding, Rule 56 applies." *Id.* (internal quotation marks omitted).

Under Federal Rule of Civil Procedure 56, summary judgment is proper when the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "A genuine issue of material fact exists if the record, taken as a whole, could lead a rational trier of fact to find for the non-moving party." *Harris v. Serpas*, 745 F.3d 767, 771 (5th Cir. 2014). "A court must resolve all reasonable doubts and draw all reasonable inferences in the light most favorable to the nonmovant." *Sanchez v. Young Cnty.*, 956 F.3d 785, 791 (5th Cir. 2020).

### III
### Analysis

TVA moves for summary judgment on both "the amount of compensation to be awarded for the condemned property rights and apportionment of the compensation award." Doc. #33 at 1.

#### A. Amount of Compensation

By virtue of this Court's order granting TVA possession of the Property, "the right to just compensation for the land vest[ed] in the persons entitled to the compensation." 40 U.S.C. § 3114(b). "The burden of establishing the value of lands sought to be condemned is on the landowner." *United States v. 8.41 Acres of Land, More or Less, Situated in Orange Cnty.*, 680 F.2d 388, 394 (5th Cir. 1982). "Federal courts have long held that an appropriate measure of damages in a partial-taking case … is the difference between the value of the parent tract before the taking and its value after the taking." *Id.* at 392. "[J]ust compensation must be measured by

an objective standard that disregards subjective values which are only of significance to an individual owner." *United States v. 50 Acres of Land*, 469 U.S. 24, 35 (1984).

TVA asserts that $2,425 is just compensation for the condemned land. Doc. #33 at 1. To support the assertion, TVA relies on the declaration of Ivan J. Antal, II, an employee of TVA and a licensed Mississippi real estate appraiser with approximately twelve years of experience. Doc. #18. Antal represents that TVA "retained an independent Mississippi licensed real property appraiser to determine the fair market value of the easement rights[, and t]he appraisal report … valued the easement rights at $2,350;" and that "[b]ased upon [his] review of the appraisal report and [his] experience as a licensed Mississippi real estate appraiser, [he] determined that TVA's estimate of just and liberal compensation for the permanent easement and right-of-way taken in this action is $2,425." Doc. #18 at 3. In the absence of any evidence or argument that TVA's valuation method is inadequate, or any evidence to establish a different value for the taken property, the Court concludes there is no genuine issue of material fact that $2,425 represents just compensation for the Property.

B. Apportionment of the Award

TVA requests that compensation "be disbursed to Defendants based on their apportioned interest in the condemned property on the date of taking." Doc. #33 at 1–2. In that regard, TVA relies on the declaration of Lorie M. Hunt. Doc. #28. Hunt is "an attorney in TVA's legal department" whose responsibilities include "ensuring that land and real property interest acquired by TVA have good and merchantable title and … review[ing] of preliminary title notes and abstracts of title relating to such acquisitions." *Id.* at PageID 131.

Based on Hunt's review of the abstract of title and the research performed by TVA, she states that the last record owner of the property was Annie Mae Hicks Evans, who "died intestate

5

on or about December 9, 2005," and was "survived by her eight children, Dorothy M. Evans Riley, Annie Lora Evans-Rice, Willie C. Evans, Grenella Evans, Ambus Evans, Jr., James Hicks Evans, Jesse Lee Evans, and Lodina Evans Peterson, each of whom would be entitled to a 1/8 interest in the Property." *Id.* at PageID 132–133. Dorothy and Willie both "died intestate" and "[n]o additional information was located or confirmed concerning [their] heirs." *Id.* at PageID 133. Annie died intestate survived by her seven children;[4] Grenella died intestate survived by three children, one of whom—Ambus, discussed above—is now deceased and survived by Grenella's grandson;[5] and Ambus Jr. died intestate survived by his twelve children.[6] *Id.* at PageID 133–34. James, Jesse, and Lodina, "each entitled to a 1/8 interest, are living." *Id.* at PageID 134. Based on this information, Hunt concluded that James, Jesse, and Lodina, are entitled to a 1/8 interest, or $303.13, each; the unidentified heirs of Dorothy are entitled to a combined 1/8 interest, or a total of $303.13, as are the unidentified heirs of Willie; Annie's children are entitled to a 1/56 interest, or $43.30, each; Grenella's children are entitled to a 1/24 interest, or $101.04, each; and Ambus Jr.'s children are entitled to a 1/96 interest, or $25.26, each. Doc. #28-9.

> [TVA] submits that all deposited funds should remain on deposit with the United States Treasury in accordance with 28 U.S.C. §§ 2041−2042, subject to further order of this Court. The named Defendants, or any other person who was not named but otherwise claims an interest in the compensation awarded in this action, could then seek disbursement of such funds by filing with this Court a "Notice of Claim" accompanied by the necessary tax identification information (e.g., a social security number or federal employer identification number) and adequate documentation confirming such claimant's entitlement to the claimed share of the compensation award. This proposed procedure would allow the Court to apportion compensation, disburse funds, and administratively close the case.

---

[4] Annie's children are Rose Mary Rice, Lena Rice Lucious, Laura Rice Greenfield, Donna M. Rice, Eva Rice Jefferson, Ozella Rice, and Leo Rice, Jr. Doc. #28 at PageID 133.

[5] Grenella's surviving children are Althea Young and Dana Evans, and her grandson is Darren Lamont Smith, discussed above. *Id.*

[6] Ambus Jr.'s children include Lacriscia Bankhead, Demetra Petty, Nasdella Hunter, Barbara Agnew, Vivian Bell, Vicki Wright, Buffy Scott, Tarsha Tucker, Norma Jean Van, Winorva Nichols, Juan Petty, and Walter Bell. *Id.*

Doc. #33 at 11. Alternatively, TVA suggests following "the procedure for determining title and apportionment of funds adopted by the district court in *United States of America v. Parish*, Civil No. 08-0269, 2012 WL 6738169, at *3 (W.D. La. Nov. 16, 2012), where the "district court retained jurisdiction over the issue of compensation but referred the issue of title to the magistrate to determine the identity of individuals having an ownership interest in the [property at issue] and their respective compensable (fractional) interests in the subject property." *Id.* at 12.

Because all the interested parties were sent proper notice of this litigation and no other party has appeared in this case, there is no evidence before the Court causing it to question the validity of the information provided by Hunt. Accordingly, summary judgment will be granted ordering the funds determined as just compensation above to be disbursed in accordance with Hunt's calculations. For those defendants with an address on record with the Court,[7] the Clerk of Court will be directed to draw checks on the funds deposited in the registry in the amounts specified by Hunt and such checks will be mailed to the defendants following their provision of their social security number to the Clerk and TVA for tax purposes. The funds due to those defendants whose addresses or identities are unknown shall remain on deposit in the Court's registry and any person claiming to be one of the unknown heirs may file a petition on the docket in this case so the Court may determine the validity of the claim.

## IV
## Conclusion

TVA's motion for summary judgment [32] is **GRANTED**. A judgment consistent with the proposed judgment submitted by TVA[8] will be filed separately.

---

[7] These defendants include James, Doc. #11; Jesse, Doc. #12; Lodina, Doc. #13; Althea, Doc. #14; and Dana, Doc. #15.

[8] TVA's proposed judgment provides that the "Clerk of Court is authorized and directed to draw checks on the funds deposited in the registry of this Court in this action in the amounts specified for each individual Defendant … plus any accrued interest thereon." Doc. #32-2 at 3. However, because the Court determined that $2,425 represents just

7

**SO ORDERED**, this 3rd day of March, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

compensation for the Property and such amount is already on deposit with the Court, interest is not warranted. 40 U.S.C. § 3114(c)(1) ("Interest shall not be allowed on as much of the compensation as has been paid into the court."). Rather, the judgment will direct the Clerk of Court to distribute any accrued interest to TVA.

8